996 F.2d 1226
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
The PEOPLE OF THE TERRITORY OF GUAM, Plaintiff-Appellant,
v.
Steven MILLER, Defendant-Appellee.
The PEOPLE OF THE TERRITORY OF GUAM, Plaintiff-Appellant,
v.
Cheryl MILLER, Defendant-Appellee.
 No. 92-10278.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 13, 1993.
Submission Withdrawn Jan. 15, 1993.
Resubmitted March 26, 1993.*
Decided June 23, 1993.
 
 Before CHOY, SCHROEDER and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The People of Guam appeal the Guam Appellate Division's reversal of the convictions of Steven Miller and Cheryl Miller for first degree criminal sexual conduct and child abuse. The district court reversed the Millers' conviction under Guam v. Yang, 850 F.2d 507 (9th Cir.1988) (en banc) ("Yang II"), because the trial court did not give Guam's statutory reasonable doubt instruction. We reverse, following this court's opinion in Guam v. Borja, 983 F.2d 914 (9th Cir.1992).
 
 
 3
 The two defendants were tried by jury, in a trial that ran from May 31, 1988 to June 9, 1988. Cheryl Miller was convicted of one count of first degree criminal sexual conduct, and Steven Miller was convicted of three counts of felony criminal sexual conduct and one count of misdemeanor child abuse.
 
 
 4
 The Millers appealed the jury verdict to the United States District Court for the Territory of Guam, Appellate Division. The Appellate Division reversed the conviction. The Appellate Division rejected the Millers' claims that cross-examination had been improperly limited and that the evidence was insufficient to convict them. However, the Appellate Division reversed the jury conviction because the trial court did not give Guam's statutory reasonable doubt jury instruction.
 
 
 5
 In Borja, a non-statutory reasonable doubt instruction was used at trial. The defendants did not request the statutory instruction and did not object to the non-statutory instruction. We held in Borja that the Appellate Division of Guam should have reviewed the jury instruction for plain error and not reversible error. We then held that plain error was not committed, because the charge adequately conveyed the degree of reasonable doubt necessary for trial. We ruled that the non-statutory jury instruction tended to favor the defense more than the prosecution. 983 F.2d at 918-19.
 
 
 6
 The Millers' situation is parallel to the situation of the defendants in Borja. The Millers did not request the statutory reasonable doubt instruction. They did not object to the non-statutory instruction at trial. The jury instruction given to the Millers is the same reasonable doubt instruction that was given in Borja. Following Borja, therefore, we REVERSE the decision of the Appellate Division.
 
 
 
 *
 The panel finds this case appropriate for submission without
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3